UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE TRUSTEES OF THE STEVENS INSTITUTE OF TECHNOLOGY, | Docket No.: |
| Plaintiff, | Civil Action |
| -vs- | **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |
| IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, | |
| Defendants. | |

Plaintiff, THE TRUSTEES OF THE STEVENS INSTITUTE OF TECHNOLOGY (hereinafter referred to as "STEVENS" and/or "PLAINTIFF"), located at One Castle Point on Hudson, Hoboken, New Jersey 07030, by and through its attorneys, Callahan & Fusco, LLC, as and for its Complaint against Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, alleges upon information and belief as follows:

**PARTIES**

1. STEVENS is a non-profit corporation organized and existing under the laws for the State of New Jersey.

2. STEVENS maintains a principal place of business located at One Castle Point on Hudson, Hoboken, New Jersey 07030.

3. IMODALGROUND, L.L.C. is a limited liability company organized and existing under the laws for the State of Delaware.

1

4. IMODALGROUND, L.L.C. maintains a principal place of business located at 112 S. 24th Street Weirton, West Virginia 26062.

5. IMODALGROUND, L.L.C. is a limited liability company authorized to conduct business within the State of New Jersey.

6. INTER-MODAL HOLDING, L.L.C. is a limited liability company organized and existing under the laws for the State of Ohio.

7. INTER-MODAL HOLDING, L.L.C. maintains a principal place of business located at 117 S. Hollywood Boulevard Steubenville, Ohio 43952.

8. INTER-MODAL HOLDING, L.L.C. is a limited liability company authorized to conduct business within the State of New Jersey.

9. JOHN DOES 1-10 are fictitious entities who are individuals subject to this action but are not disclosed at this time.

10. ABC COMPANIES 1-10 are sole proprietorships, limited liability companies, and/or corporations authorized to conduct business within the State of New Jersey.

## VENUE

11. STEVENS repeats and realleges each and every allegation set forth in paragraphs "1" through "10" with the same force and effect as if set forth with more particularity at length herein.

12. This matter is properly venued in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1332, et seq.

13. STEVENS is domiciled, and therefore a citizen, of the State of New Jersey pursuant to 28 U.S.C. §1332(a)(1) and 28 U.S.C. §1332(c)(1).

14. IMODALGROUND, L.L.C. is a citizen of the State of Delaware and the State of West Virginia pursuant to 28 U.S.C. §1332(a)(1) and 28 U.S.C. §1332(c)(1).

15. INTER-MODAL HOLDING, L.L.C. is a citizen of the State of Ohio pursuant to 28 U.S.C. §1332(a)(1) and 28 U.S.C. §1332(c)(1).

16. Additionally, by virtue of the Corporate Sponsored Research Agreement, dated September 30, 2020, all parties to this litigation agreed that the United States District Court for the District of New Jersey, Newark Vicinage, is a proper venue to address any disputes and/or controversies related to the Corporate Sponsored Research Agreement. *See* a copy of the Corporate Sponsored Research Agreement, dated September 30, 2020, attached hereto as **Exhibit "A"**; *see also* **Exhibit "A"**, paragraph 21.

17. The contractual amount to be paid by the Defendants according to the Corporate Sponsored Research Agreement is $3,300,000.00. *See generally*, **Exhibit "A"**.

18. Accordingly, the amount in controversy exceeds the value of $75,000.00 pursuant to 28 U.S.C. §1332(a).

## FACTUAL ALLEGATIONS

19. STEVENS repeats and realleges each and every allegation set forth in paragraphs "1" through "18" with the same force and effect as if set forth with more particularity at length herein.

20. STEVENS, as an educational institution, regularly undertakes research activities in a variety of academic disciplines.

21. STEVENS was retained to undertake research activities supported by Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC

3

COMPANIES 1-10, via a Corporate Sponsored Research Agreement, dated September 30, 2020. *See* **Exhibit "A"**.

22. STEVENS undertook research activities supported by the Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, in the field of Maritime and Aviation Low Cost Sensors. *See* **Exhibit "A"**.

23. Specifically, STEVENS undertook research activities supported by the Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, relating to a Passive Acoustic Underwater Intruder Detection System. *See* **Exhibit "A"**.

24. STEVENS began the research program on or about October 1, 2020, pursuant to the terms of the Corporate Sponsored Research Agreement, including naming a principal investigator to supervise the research activities. *See* **Exhibit "A"**.

25. On or about November 11, 2021, a Modification of the Corporate Sponsored Research Agreement to alter the effective term of the contract to October 1, 2020 through March 31, 2023 was executed by all parties, including the Defendants. *See* a copy of the Modification, dated November 11, 2021, of the Corporate Sponsored Research Agreement is attached hereto as **Exhibit "B"**; *compare with* **Exhibit "A"**.

26. In accordance with the Corporate Sponsored Research Agreement, STEVENS issued an invoice, dated June 9, 2021, for $3,300,000.00, the full amount noted in the Agreement. *See* a copy of the Invoice dated, June 9, 2021, issued to Defendant IMODALGROUND, L.L.C. and INTER-MODAL HOLDING, L.L.C., attached hereto as **Exhibit "C"**.

27. Defendants IMODALGROUND, L.L.C. and INTER-MODAL HOLDING, L.L.C., failed to timely pay the invoice after receiving same. *See generally* **Exhibit "C"**.

28. On December 6, 2021, STEVENS contacted the Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, regarding the outstanding payment and again followed up on the outstanding invoice on December 15, 2021. *See* a copy of the correspondences, dated December 2021, between STEVENS and Defendants IMODALGROUND, L.L.C. and INTER-MODAL HOLDING, L.L.C., attached hereto as **Exhibit "D"**.

29. A representative for the Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, indicated that Defendants were working to provide payment to STEVENS before the end of the year. *See* **Exhibit "D"**.

30. In March 2022, STEVENS and Defendants IMODALGROUND, L.L.C. and INTER-MODAL HOLDING, L.L.C. agreed to enter into a payment plan. *See* a copy of the correspondences, dated March of 2022, between STEVENS and the Defendants, attached hereto as **Exhibit "E"**; *see generally*, **Exhibit "C"**.

31. The Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, were required to make an initial payment on the overdue invoice on March 15, 2022 with the "final release" of funds on March 30, 2022. *See* **Exhibit "E"**; *see generally,* **Exhibit "C"**.

32. In early April 2022, STEVENS again followed up with the Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, on the outstanding invoice; however, the Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10,

5

continued delaying payment due and owing to STEVENS. *See* a copy of the correspondences, dated April 2022, between STEVENS and the Defendants, attached hereto as **Exhibit "F"**.

33. After the Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, failed to make payment for more than ten (10) months on the outstanding invoice, STEVENS sent a formal correspondence, dated April 20, 2022, demanding a response and full payment within five (5) business days. *See* a copy of the correspondence, dated April 20, 2022, between STEVENS to Defendants, attached hereto as **Exhibit "G"**.

34. To date, the Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, have failed to make full payment on the outstanding invoice following STEVENS demand for payment on April 20, 2022 for the research activities undertaken pursuant to the Corporate Sponsored Research Agreement. *See generally*, **Exhibit "A"**; *see also* **Exhibit "C"**; *see also* **Exhibit "G"**.

35. Pursuant to the Corporate Sponsored Research Agreement, STEVENS is owed $3,300,000.00, and same remains unpaid by the Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10.

36. Since the date of the original invoice, dated June 9, 2021, the Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, have benefited from the research activities undertaken by STEVENS and supported by the Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, pursuant to the Corporate Sponsored Research Agreement.

37.  The Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, have failed to pay the June 9, 2021 invoice for $3,300,000.00 which remains outstanding.

**COUNT ONE**
**Against iModalGround, L.L.C., Inter-Modal Holding, L.L.C.,**
**John Does 1-10, and ABC Companies 1-10**
**(Breach of Contract)**

38.  STEVENS repeats and realleges each and every allegation set forth in paragraphs "1" through "37" with the same force and effect as if set forth with more particularity at length herein.

39.  STEVENS knowingly and voluntarily entered into a Corporate Sponsored Research Agreement, dated September 30, 2020, with the Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, to undertake research activities supported by IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10 relating to a Passive Acoustic Underwater Intruder Detection System.

40.  STEVENS undertook research activities supported by the Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, pursuant to the Corporate Sponsored Research Agreement.

41.  STEVENS invoiced the research activities rendered on June 9, 2021, which remains unpaid, for the contractual amount owed of $3,300,000.00.

42.  The Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, have continued to delay making payment pursuant to the Corporate Sponsored Research Agreement even after the Defendants,

IMODALGROUND, L.L.C. and INTER-MODAL HOLDING, L.L.C. agreed to a payment plan in March of 2022.

43. Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, have breached their obligations under the Corporate Sponsored Research Agreement by failing and continuing to fail to pay the June 9, 2021 invoice for the research activities undertaken by STEVENS.

44. As a result of Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10's breach, STEVENS was caused to suffer damages.

**WHEREFORE**, Plaintiff, THE TRUSTEES OF THE STEVENS INSTITUTE OF TECHNOLOGY, demands judgment from Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, for compensatory damages, applicable statutory damages, incidental damages, consequential damages, costs, including attorneys' fees, and applicable interest, and such other relief as the Court may deem just and equitable.

**COUNT TWO**
**Against iModalGround, L.L.C., Inter-Modal Holding, L.L.C.,**
**John Does 1-10, and ABC Companies 1-10**
**(Unjust Enrichment)**

45. STEVENS repeats and realleges each and every allegation set forth in paragraphs "1" through "43" with the same force and effect as if set forth with more particularity at length herein.

46. Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, benefited from the research activities supported by the Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN

DOES 1-10, and ABC COMPANIES 1-10, and completed by STEVENS, its selected principal investigator, and other employees and agents working to perform STEVENS' contractual obligations without the Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, compensating Stevens pursuant to the Corporate Sponsored Research Agreement.

47. Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, benefited from the research activities in an unjust manner.

48. Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10's failure to compensate STEVENS pursuant to the Corporate Sponsored Research Agreement unjustly enriched Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10.

49. STEVENS suffered damages as a result of Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10's unjust enrichment.

**WHEREFORE**, Plaintiff, THE TRUSTEES OF THE STEVENS INSTITUTE OF TECHNOLOGY, demands judgment from Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, for compensatory damages, applicable statutory damages, incidental damages, consequential damages, costs, including attorneys' fees, and applicable interest, and such other relief as the Court may deem just and equitable.

**COUNT THREE**
**Against iModalGround, L.L.C., Inter-Modal Holding, L.L.C.,**
**John Does 1-10, and ABC Companies 1-10**
**(Quantum Meruit)**

50. STEVENS repeats and realleges each and every allegation set forth in paragraphs "1" through "48" with the same force and effect as if set forth with more particularity at length herein.

51. STEVENS undertook research activities supported by the Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, relating to a Passive Acoustic Underwater Intruder Detection System pursuant to the terms of the duly executed Corporate Sponsored Research Agreement by STEVENS and the Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10.

52. It was the expectation of all parties that STEVENS would receive compensation in connection with the research activities relating to a Passive Acoustic Underwater Intruder Detection System pursuant to the terms of the duly executed Corporate Sponsored Research Agreement.

53. As such an express, implied, and/or quasi contractual agreement was created under which the Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, are obligated to compensate STEVENS for the research activities undertaken.

54. Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10's refusal to compensate STEVENS for the research activities relating to a Passive Acoustic Underwater Intruder Detection System constitutes a breach of the express, implied, and/or quasi contractual agreement between the parties.

55. Due to Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10's breach, STEVENS has sustained damages.

**WHEREFORE**, Plaintiff, THE TRUSTEES OF THE STEVENS INSTITUTE OF TECHNOLOGY, demands judgment from Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, for compensatory damages, applicable statutory damages, incidental damages, consequential damages, costs, including attorneys' fees, and applicable interest, and such other relief as the Court may deem just and equitable.

**COUNT FOUR**
**Against iModalGround, L.L.C., Inter-Modal Holding, L.L.C.,**
**John Does 1-10, and ABC Companies 1-10**
**(Breach of the Covenant of Good Faith and Fair Dealing)**

56. STEVENS repeats and realleges each and every allegation set forth in paragraphs "1" through "54" with the same force and effect as if set forth with more particularity at length herein.

57. Implied within the Corporate Sponsored Research Agreement for the research activities relating to a Passive Acoustic Underwater Intruder Detection System is the covenant of good faith and fair dealing.

58. Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10's bad faith conduct in connection with performing their obligations under the Corporate Sponsored Research Agreement between the parties breached the implied covenant of good faith and fair dealing.

59. Due to Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10's breach of the implied covenant of good faith and fair dealings, STEVENS has sustained damages.

**WHEREFORE**, Plaintiff, THE TRUSTEES OF THE STEVENS INSTITUTE OF TECHNOLOGY, demands judgment from Defendants, IMODALGROUND, L.L.C., INTER-MODAL HOLDING, L.L.C., JOHN DOES 1-10, and ABC COMPANIES 1-10, for compensatory damages, applicable statutory damages, incidental damages, consequential damages, costs, including attorneys' fees, and applicable interest, and such other relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), a Demand for Jury Trial is made as to all triable issues.

## LOCAL RULE 11.2 CERTIFICATION

The undersigned certified that, to his knowledge, the matter in controversy is not the subject of any other action pending in this Court or another court.

Dated: Roseland, New Jersey
July 5, 2022

    CALLAHAN & FUSCO, LLC
    Attorneys for Plaintiff,
    THE TRUSTEES OF THE STEVENS INSTITUTE
    OF TECHNOLOGY

    By: _____
    MITCHELL AYES, ESQ.
    103 Eisenhower Parkway, Suite 400
    Roseland, New Jersey 10005
    P: (877) 618-9770
    F: (973) 618-9772
    E: mayes@callahanfusco.com